# 21 Civ. 10441 (PMH)

# United States District Court for the Southern District of New York

---

**Chapter 11 – Post Confirmation**
**Case No. 12-23616-rdd**

*In re:*

MOSDOS CHOFETZ CHAIM INC.

*Debtor.*

---

**Adv. Pro No. 21-07023-rdd**

RABBI MAYER ZAKS, NOCHUM BRODY, LEAH TOBY ZAKS
BRODY, YISROEL HOCHMAN, SIMA WEINTRAUB ZAKS
and LEAH BERGMAN ZAKS,

*Appellants,*

v.

MOSDOS CHOFETZ CHAIM INC., CHOFETZ CHAIM INC.,
CONGREGATION RADIN DEVELOPMENT, INC., ARYEH ZAKS,
BEATRICE WALDMAN ZAKS, MENDEL ZAKS, GITTEL ZAKS LAYOSH,
ELIYAHU LAYOSH, SAMUEL MARKOWITZ, DEBORAH
ZAKS HILLMAN, YOM T. HENNIG, and ABRAHAM G. ZAKS,

*Appellees.*

## APPELLANTS' REPLY BRIEF

**ABRAMS FENSTERMAN, LLP**
*Attorneys for Appellants*
81 Main Street, Suite 400
White Plains, New York 10601
(914) 607-7010
RSpolzino@abramslaw.com

TABLE OF CONTENTS

*Page*

ARGUMENT ....................................................................................................1

I

THE CONTEMPT ORDER SHOULD BE REVERSED AND VACATED
BECAUSE THE INJUNCTION ON WHICH IT IS BASED IS UNCLEAR AND
AMBIGUOUS ...............................................................................................1

   A.  The ambiguity of the Injunction should be considered on this appeal............1

   B.  The Contempt Order should be vacated. ........................................................7

II

THE ENFORCEMENT ORDER SHOULD BE REVERSED AND VACATED
BECAUSE IT VIOLATES THE DIVESTITURE RULE.......................................10

   A.  The Bankruptcy Court lacked subject matter jurisdiction to modify the
      Injunction because it was the subject of a pending appeal............................10

III

THE ENFORCEMENT ORDER VIOLATES THE ESTABLISHMENT CLAUSE
AS WELL AS FEDERAL LAW ...........................................................................13

CONCLUSION...............................................................................................17

CERTIFICATE OF COMPLIANCE......................................................................18

i

TABLE OF AUTHORITIES

*Page(s)*

**Cases:**

*Allianz Insurance Co. v. Lerner,*
  416 F.3d 109 (2d Cir. 2005)....................................................................................3

*BASF Agro B.V v. Cipla Ltd.,*
  No. 07-CV-125 (CDL), 2012 WL 2023310 (M.D. Ga. June 5, 2012) .................4

*Bennett v. Gemmill (In re Combined Metals Reduction Co.),*
  557 F.2d 179 (9th Cir.1977)....................................................................................10

*Bogle-Assegai v. Connecticut,*
  470 F.3d 498 (2d Cir. 2006)....................................................................................4

*CBS Broad. Inc. v. FilmOn.com, Inc.,*
  814 F.3d 91 (2d Cir. 2016)......................................................................................1

*Commack Self-Serv. Kosher Meats, Inc. v Hooker,*
  680 F.3d 194 (2d Cir. 2012)....................................................................................14

*DiCola v. American Steamship Owners Mutual Protection and Indemnity Ass'n,*
  *Inc. (In re Prudential Lines, Inc.),*
  170 B.R. 222 (S.D.N.Y. 1994), *appeal dismissed,* 59 F.3d 327 (2d Cir. 1995)..11

*Fox v. Picard (In re Madoff),*
  848 F.Supp.2d 469 (S.D.N.Y. 2012)......................................................................6

*Greene v. United States,*
  13 F.3d 577 (2d Cir. 1994)......................................................................................4, 5

*In re Ampal-Am. Israel Corp.,*
  554 B.R. 604 (S.D.N.Y. 2016), *aff'd,* 691 Fed. App'x 12 (2d Cir. 2017)............6

*In re Cohoes Indus. Terminal, Inc.,*
  90 B.R. 67 (S.D.N.Y. 1988)....................................................................................7

*In re Emergency Beacon Corp.*,
   58 B.R. 399 (Bankr. S.D.N.Y. 1986)...................................................................10

*In re Sabine Oil & Gas Corp.*,
   548 B.R. 674 (Bankr. S.D.N.Y.), *aff'd*, 562 B.R. 211 (2016)............................11

*Lenzi v Systemax, Inc.*,
   944 F.3d 97 (2d Cir. 2019)................................................................................2, 3

*Lo Duca v United States*,
   93 F.3d 1100 (2d Cir. 1996)..........................................................................15, 16

*Morillo v. Wells Fargo Bank, N.A.*,
   No. 19 Civ. 08183 (PMH), 2020 WL 2539068  (S.D.N.Y. 2020)
   (Halpern, J.)......................................................................................................14

*Paese v Hartford Life and Acc. Ins. Co.*,
   449 F.3d 435 (2d Cir. 2006).................................................................................5

*PHH Mortgage Corp. v. Sensenich (In re Gravel)*,
   6 F.4th 503 (2d Cir. 2021)...................................................................................3

*Perez v. Danbury Hosp.*,
   347 F.3d 419 (2d Cir. 2003).................................................................................3

*SEIU United Healthcare Workers E. v Alaris Health at Hamilton Park*,
   809 Fed. Appx. 44 (2d Cir. 2020).......................................................................1

*Sniado v. Bank of Austria AG*,
   378 F.3d 210 (2d Cir. 2004)............................................................................2, 3

*United States v. Brunner*,
   726 F.3d 299 (2d Cir. 2013).................................................................................2

**Rules, Laws & Statutes:**

Federal Rules of Bankruptcy Procedure Rule 8009 ...................................................6

Appellants, Rabbi Mayer Zaks, Nochum Brody, Leah Toby Zaks Brody, Yisroel Hochman, Sima Weintraub Zaks and Leah Bergman Zaks (collectively, the "appellants"), respectfully submit this reply brief in further support of their appeal from the Contempt Order, the Reconsideration Order and the Enforcement Order.[1]

ARGUMENT

I

**THE CONTEMPT ORDER SHOULD BE REVERSED AND VACATED BECAUSE THE INJUNCTION ON WHICH IT IS BASED IS UNCLEAR AND AMBIGUOUS**

### A. The ambiguity of the Injunction should be considered on this appeal.

One of the cornerstone requirements that must support a contempt finding is that "the order the party failed to comply with is clear and unambiguous." *SEIU United Healthcare Workers E. v Alaris Health at Hamilton Park*, 809 Fed. Appx. 44, 45 (2d Cir. 2020) (quoting *CBS Broad. Inc. v. FilmOn.com, Inc*., 814 F.3d 91, 98 (2d Cir. 2016)). As argued in appellants' principal brief, the Injunction – the order with which the appellees claim the appellants failed to comply and that is the sole basis for the Contempt Order – is not clear and unambiguous. Appellants' br., at 20-22. The Bankruptcy Court found that, A-1856, astonishingly even while basing its contempt adjudication on the Injunction that it found to be ambiguous and unclear.

---

[1] Terms not otherwise defined in this reply brief shall have the meanings ascribed to them in the Appellants' brief dated January 20, 2022 [Doc. no. 8] (the "Appellants' brief" or "Appellants' br.").

1

The appellees first argue that the appellants waived the argument concerning the ambiguity of the Injunction because they failed to raise the issue in the Bankruptcy Court. *See* Appellees' brief dated March 25, 2022 ("Appellees' brief" or "Appellees' br.") at 24-27. But there is no prohibition. Courts have wide discretion to consider an issue raised for the first time on appeal. As the Second Circuit stated in *Lenzi v Systemax, Inc.*, 944 F.3d 97, 109 (2d Cir. 2019), "'the rule against entertaining arguments "raised for the first time on appeal . . . is prudential, not jurisdictional,'" and we therefore "'have discretion to consider'" them." *Id*. at 109. (quoting *Sniado v. Bank of Austria AG*, 378 F.3d 210, 213 (2d Cir. 2004)). The Court should exercise its discretion here and consider the ambiguity of the Injunction for two reasons.

*First*, "[e]xercise of that discretion is particularly appropriate where an argument presents a question of law and does not require additional fact finding." *Lenzi v Systemax, Inc.*, 944 F.3d at 109 (quoting *United States v. Brunner*, 726 F.3d 299, 304 (2d Cir. 2013)); *see also Sniado v Bank Austria AG*, 378 F.3d at 213 (court has discretion to consider waived arguments and "[w]e have exercised this discretion where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding."). The exercise of that discretion is particularly appropriate here where the Bankruptcy Court – the same Court that issued the Injunction – determined as a matter of law

2

that, at the time the Contempt Order was entered, it was "open to serious doubt, at least a fair ground of doubt" "whether any person that would otherwise be bound by the order had a right inherent in its right to occupy any portion of the property, to in addition go into the synagogue" [A-1856] and that "it's going into the synagogue that's the basis for the violation of the order."

In other words, the Bankruptcy Court itself determined that the Injunction was unclear concerning whether entering onto the property and entering the synagogue – the basis for violation of the Injunction – was or was not permitted. Given that ambiguity, the Contempt Order, as a matter of law, was unsupported by a clear and unambiguous Injunction. No further development of the record is necessary to support that conclusion, particularly given the Bankruptcy Court's express determination. As in *Lenzi*, therefore, the Court should exercise [its] discretion here to clarify an important, purely legal issue." *Lenzi v Systemax, Inc.*, 944 F.3d at 109.

*Second*, the Second Circuit has recognized that a court should exercise its discretion to consider an argument not raised below "to avoid a manifest injustice." *Sniado,* 378 F.3d at 213; *see also Allianz Insurance Co. v. Lerner,* 416 F.3d 109, 114 (2d Cir. 2005) (same). That would be the case here. To start, the Bankruptcy Court's contempt power is "narrowly circumscribed." *PHH Mortgage Corp. v. Sensenich (In re Gravel)*, 6 F.4th 503, 511 (2d Cir. 2021) (quoting *Perez v. Danbury Hosp.*, 347 F.3d 419, 423 (2d Cir. 2003)). And, further, "[t]he exercise of th[e]

3

awesome contempt power should be used sparingly, and only in those cases where the evidence establishes clearly contumacious conduct." *BASF Agro B.V v. Cipla Ltd*., No. 07-CV-125 (CDL), 2012 WL 2023310, *5 (M.D. Ga. June 5, 2012).

The Bankruptcy Court itself found that the Injunction that serves as the sole basis for the Contempt Order was not clear and unambiguous. It determined that, at the time it entered the Contempt Order, there was "fair ground for doubt that [appellants'] entry onto the CRDI Property and/or into the CCI Building was not violative of the Injunction." [A- 1615]. Because, as a matter of law, the Injunction was ambiguous and the Bankruptcy Court's contempt power is both "narrowly circumscribed" and "should be used sparingly," this is a prototypical case in which the Court should exercise its discretion and adjudicate the issue of whether the Injunction was ambiguous – as the Bankruptcy Court itself determined. Since the ambiguity of the Injunction cannot seriously be disputed and given the seriousness of a contempt finding, it would result in a manifest injustice not to consider the issue on appeal.

The appellees cite *Bogle-Assegai v. Connecticut*, 470 F.3d 498 (2d Cir. 2006) and selectively quote the Court's decision in that case. Appellees' br., at 24. While the *Bogle* Court did state that "'[i]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Id*. at 504 (quoting *Greene v. United States,* 13 F.3d 577, 586 (2d Cir. 1994)). But the Court went on to

4

state as follows:

> However, because th[is] rule is prudential, not jurisdictional, we have discretion to consider waived arguments, and [w]e have exercised this discretion where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding.

*Id*. (citations and quotation marks omitted). As previously argued, both of those exceptions to the general rule apply here.

Similarly, in *Greene v United States*, 13 F.3d 577 (2d Cir. 1994), also cited by the appellees (Appellees' br., at 24), the Second Circuit stated that the general rule against raising an issue for the first time on appeal is "not an absolute bar to raising new issues on appeal; the general rule is disregarded when we think it necessary to remedy an obvious injustice" or where "there is no need for additional fact finding." *Id*. at 586.

*Paese v Hartford Life and Acc. Ins. Co.*, 449 F.3d 435 (2d Cir. 2006), also cited by the appellees, Appellees' br. at 24, is inapposite. In *Paese*, the Second Circuit declined to consider an issue not raised below because it involved only issues of fact and not issues of law. The Court stated that "when the waived issue involves factual determinations, as is the case here, we are seldom inclined to exercise this discretion" and concluded that because the issue "involves some factual determinations and not merely questions of law, we deem it waived." *Id*. at 446. Unlike in *Paese*, the ambiguity of the Injunction has been dispositively determined

by the Bankruptcy Court and presents a question of law; no additional fact finding is necessary.

The appellees also cite *In re Ampal-Am. Israel Corp*., 554 B.R. 604 (S.D.N.Y. 2016), *aff'd,* 691 Fed. App'x 12 (2d Cir. 2017), Appellees' br., at 24, but that case is similarly inapplicable here. First, while it is true that the "the district court may not consider evidence outside the record below," *id*. at 617, that rule is irrelevant here. The Injunction [A- 542-550], the Contempt Order [A- 84-88], the Enforcement Order [A- 1609-1618] and the transcript of the August 30, 2021 hearing [A- 1619-1880] at which the Bankruptcy Court made its findings concerning the ambiguity of the Injunction are all contained in the record here. Further the *Ampal-Am. Israel Corp*. Court acknowledged that the rule that an argument not raised in the bankruptcy court is waived does not apply when "such a waiver would result in manifest injustice." *Id*.

Finally, the appellees argue that the appellants waived the issue of the Injunction's ambiguity by failing to include it in their statement of issues filed pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure. Appellees' br., at 21. This is wrong. "[C]ourts in this Circuit have held that a district court may consider issues on appeal that are not included in that statement, because Rule 8006 'is not intended to bind either party to the appeal as to the issues that are to be presented.'" *Fox v. Picard (In re Madoff)*, 848 F.Supp.2d 469, 477 (S.D.N.Y. 2012)

(quoting *In re Cohoes Indus. Terminal, Inc*., 90 B.R. 67, 70 (S.D.N.Y. 1988)).

**B. The Contempt Order should be vacated.**

As argued in the Appellants' brief, the Bankruptcy Court erred in granting the Contempt Order because the Injunction -- the order with which the appellees claim the appellants failed to comply and that is the sole basis for the Contempt Order – is not clear and unambiguous. Appellants' br., at 20-22.

The appellees attempt to confuse the issue by asserting that the appellees "have established by clear and convincing evidence" that the appellants violated the Injunction. Appellees' br., at 31-32. This is a clear attempt to mislead the Court.

As the appellees know full well, Contempt Order was entered on June 15, 2021 [A- 84-88]. The Enforcement Order was entered approximately three months later, on September 8, 2021. [A- 1609-1618]. The Enforcement Order itself makes clear that, *before the entry of the Enforcement Order*, the Injunction was ambiguous and that the Court had eliminated that ambiguity during the August 30, 2021 hearing resulting in the Enforcement Order and in the Enforcement Order itself. The Enforcement Order provides:

> the Court, in its discretion, will not impose any monetary sanctions at this time against any of the Respondents, nor hold in contempt any Alleged Contemnor not previously held in contempt, **on the sole ground that before the issuance of this Order there was a fair ground for doubt that their entry onto the CRDI Property and/or into the CCI Building was not violative of the Injunction** pursuant to the United States Constitution and/or applicable New York law. However, **the Court having now eliminated any such fair ground**

7

**for doubt**, any future violation of the Injunction will result in the enforcement and imposition of the coercive sanctions previously stated by (sic) by the Court in the Contempt Order.

[A- 1615] (emphasis added). The Court also stated at the August 30, 2021 hearing that the Injunction:

> left open a legal issue which was whether any person that would otherwise be bound by the [Injunction] had a right inherent in its right to occupy any portion of the property, to in addition go into the synagogue, into the property because it's going into the synagogue that's the basis for the violation of the order.

[A- 1856-1859].

By the Bankruptcy Court's own account, therefore, the Injunction's ambiguity was eliminated only during the August 30, 2021 hearing resulting in the Enforcement Order and in the Enforcement Order itself. The appellees mischaracterize the timeline by citing the Enforcement Order for the proposition that the Injunction was clear and unambiguous at the time of the Contempt Order, which was entered almost three months before. But that is simply false.

The appellees further argue that, notwithstanding the Bankruptcy Court's determination, the language of the Injunction was in fact clear and unambiguous. Appellees br., at 32-33. That argument is absurd and outright ignores the Bankruptcy Court's express determination to the contrary. [A- 1615, 1856-59].

And, even leaving aside the Bankruptcy Court's determination, it cannot reasonably be disputed that the Injunction was in fact unclear. In support of their

argument, the appellees cite the provision of the Injunction providing that the appellants were enjoined from entering onto or remaining on the Property and argue that there is no ambiguity in that language. Appellees br., at 33. But that is not the provision the Bankruptcy Court determined was unclear. The Injunction also included the following provision:

> Provided, and for the avoidance of doubt, this Order shall not be construed a permitting CRDI and CCI to bar any person who (i) has a valid written lease from CRDI, or (ii) has the legal right to possession of such residential unit pursuant to New York law (and is not a squatter) from entering the CRDI Property for the purpose of entering, occupying or exiting his or her leased unit thereon or any other appurtenant rights.

[A- 73-74]. It is this language that the Bankruptcy Court was referring to when it stated at the August 30, 2021 hearing that the Injunction was ambiguous concerning "whether any person that would otherwise be bound by the order had a right inherent in its right to occupy any portion of the property, to in addition go into the synagogue, into the property because it's going into the synagogue that's the basis for the violation of the order." [A-1856].

In other words, the Injunction permitted those persons otherwise bound by the Injunction who had either a valid written lease from CRDI, or someone who otherwise "has the legal right to possession of such residential unit pursuant to New York law" to enter onto and remain on the Property. The Bankruptcy Court determined that it was unclear whether such a person was also permitted to enter the synagogue, which was the basis for the violation of the Injunction.

The appellees' claim that the Bankruptcy Court was merely "exercising its discretion" in the Enforcement Order in declining to impose contempt sanctions on the appellants during the period of time before the Enforcement Order was entered. Appellees' br., at 32. Given the requirement that an order of contempt be clear and unambiguous and the fact that the Injunction fell far short of satisfying that standard, Appellees' br., at 32, that argument simply does not withstand scrutiny.

## II

### THE ENFORCEMENT ORDER SHOULD BE REVERSED AND VACATED BECAUSE IT VIOLATES THE DIVESTITURE RULE

### A.   The Bankruptcy Court lacked subject matter jurisdiction to modify the Injunction because it was the subject of a pending appeal.

 "Once a notice of appeal is filed 'no lower court should be able to vacate or modify an order under appeal, not even a bankruptcy court attempting to eliminate the need for a particular appeal.'" *In re Emergency Beacon Corp.*, 58 B.R. 399, 402 (Bankr. S.D.N.Y. 1986) (quoting *Bennett v. Gemmill (In re Combined Metals Reduction Co.),* 557 F.2d 179, 201 (9th Cir.1977)). Before the entry of the Enforcement Order, Rabbi Mayer Zaks had appealed from the Injunction. Months later, the Bankruptcy Court, attempting to eliminate the "fair ground for doubt" with respect to the scope of the Injunction, entered the Enforcement Order which impermissibly modified the Injunction. Appellant's br., at 23-27.

Courts have recognized a distinction between actions that enforce or

implement an order and those that alter, modify or expand the order. The latter is prohibited after the filing of an appeal. *DiCola v. American Steamship Owners Mutual Protection and Indemnity Ass'n, Inc. (In re Prudential Lines, Inc.)*, 170 B.R. 222, 243 (S.D.N.Y. 1994), *appeal dismissed*, 59 F.3d 327 (2d Cir. 1995) ("Courts have . . . recognized a distinction in the divestment of jurisdiction between acts undertaken to enforce the judgment and acts which expand upon or alter it; the former being permissible and the latter prohibited"); *see also In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 679 (Bankr. S.D.N.Y.), *aff'd*, 562 B.R. 211 (2016) (same).

The appellees assert that the Bankruptcy Court's modification of the Injunction in the Enforcement Order was not a modification, but instead served only to enforce the Injunction. Appellees' br., at 36-39. They again cite the provision in the Injunction providing that the appellants were enjoined from entering onto or remaining on the Property and melodramatically state: "[h]ow Appellants can contend that reiterating the language of the Injunction already in place is incomprehensible." Appellees' br., at 38-39. This again is an attempt to mislead the Court.

To reiterate, the part of the Injunction cited by the appellees is not the provision in the Injunction that created the ambiguity. The ambiguity resulted from a different provision in the Injunction that permitted those persons otherwise bound by the Injunction with either valid written lease from CRDI, or someone who

11

otherwise "has the legal right to possession of such residential unit pursuant to New York law" to enter onto and remain on the Property. The Bankruptcy Court determined that it was unclear whether such a person was permitted to enter the synagogue, which was the basis for the violation of the Injunction. *See* pages 8-9, *supra*.

The issue, therefore, is whether the Enforcement Order modified or expanded the scope of the Injunction by barring the persons otherwise subject to the injunction that had either valid written lease from CRDI, or someone who otherwise "has the legal right to possession of such residential unit pursuant to New York law" to entering onto and remain on the Property to enter the synagogue. It clearly did so.

Under the Injunction, by the Bankruptcy Court's own account, it was "open to serious doubt, at least a fair ground of doubt whether any person that would otherwise be bound by the order had a right inherent in its right to occupy any portion of the property, to in addition go into the synagogue." [A- 1856]. The Enforcement Order expanded the scope of the Injunction, making it "crystal clear," that CRDI, as the fee owner, could unequivocally exclude others from the Property and the yeshiva building (the so-called CCI Building), something that, as the Bankruptcy Court said, "I don't believe it was clear" at the time of the Contempt Order because "I believe it was subject to a reasonable doubt under the *Taggart* standard, or fair ground for doubt, rather, under the *Taggart* standard." [A-1859].

12

The Enforcement Order therefore expanded the scope of the Injunction by expressly enjoining the appellants from entering onto, remaining on or engaging in any activity on the CRDI Property or the CCI Building – including the synagogue – without the written permission of an authorized representative. [A- 1616-1618] And it imposed coercive sanctions in the amount of $5,000 per person per incident for each violation occurring after 5:00 P.M. on September 8, 2021. [A-1618].

The Bankruptcy Court's impermissible post-appeal modification and expansion of the Injunction was a clear violation of the divestiture rule. The Contempt Order should therefore be reversed and vacated.

### III

### THE ENFORCEMENT ORDER VIOLATES THE ESTABLISHMENT CLAUSE AS WELL AS FEDERAL LAW

Rabbi Mayer Zaks is the religious leader of the congregation located on the Property. His brother claims, falsely, that he is the leader. By enjoining Rabbi Mayer Zaks from entering onto the Property and conducting religious services there, the Court has effectively installed Rabbi Aryeh Zaks as the leader of the congregation, if the congregants will follow him. The Enforcement Order has therefore, in effect, chosen who will lead the congregation and has also barred the appellant from conducting religious services and study on the Property, which he has been doing so for many years. That violates the Establishment Clause, the Free Exercise Clause

and federal law. Appellant's br., at 28-31.[2]

In response, the appellees assert that the appellants waived their arguments by failing to oppose the Injunction on those bases. What the appellees ignore of course is that Rabbi Mayer Zaks was not served with the motion seeking the Injunction and therefore could not have possibly opposed it. No affidavit of service was filed showing that appellees served the motion seeking the Injunction on Rabbi Mayer Zaks. The filed affidavits of service do not show that the motion was served on any party and relate only to notices of hearing, a motion for shortened notice, and other documents. [Doc. nos. 14, 15, 18, 26, 33 and 36].[3]

In any event, the Court should consider these issues for two reasons.

*First*, the issues are purely legal and will require no additional fact-finding. This case is similar to *Commack Self-Serv. Kosher Meats, Inc. v Hooker*, 680 F.3d 194 (2d Cir. 2012), in which the plaintiffs challenged the federal Kosher Act under

---

[2] The appellees assert that the appellants "do not disclose that they previously argued" that the Enforcement Order violates the Establishment Clause and federal and New York law. Appellees' br., at 42. This is false. In fact, the Appellants' brief clearly states that "[i]n his briefs filed in this Court in support of his appeal of the Injunction, Rabbi Mayer Zaks argued that the Injunction violates the Establishment Clause. [*see* dkt. nos. 15 & 26 in 12 Civ. 5654 (PMH)]. This Court rejected that argument in its decision affirming the Bankruptcy Court and dismissing the appeal. [*see* dkt. no. 29 in 12 Civ. 5654 (PMH)]. The Appellants include the argument set forth here to preserve it for further appellate review." Appellants' br., at 28 n.4.

[3] The district court may take judicial notice of documents contained in the bankruptcy court docket. *Morillo v. Wells Fargo Bank, N.A.*, No. 19 Civ. 08183 (PMH), 2020 WL 2539068, at *4 n.2 (S.D.N.Y. 2020) (Halpern, J.) ("The Court may take judicial notice of the bankruptcy docket, and documents on the docket not included in the Appellant's designation of the record on appeal. . .")

the Establishment Clause, arguing, among other things, that "the Kosher Act impermissibly entangles the State with religion by granting inspectors the authority to verify whether or not a particular item labelled as kosher *actually is* kosher pursuant to Jewish law." *Id*. at 208 (emphasis in original). The defendants argued that the argument was waived because it was not raised in the district court. The Court held:

> Even if the plaintiffs waived the argument, the rule against considering claims for the first time on appeal is prudential not jurisdictional and the Court has discretion to consider waived arguments. The Court has exercised this discretion previously to avoid manifest injustice or if the argument presents a question of law and there is no need for additional fact-finding. Therefore, because this is a pure question of law, we will review the challenge to this section of the Kosher Act.

*Id*. at n.11 (internal citations and internal quotation marks omitted). Because the issues raised by the appellants here – also involving a challenge under the Establishment Clause – are pure questions of law too, the Court should exercise its discretion and adjudicate them.

The appellants' Establishment Clause and Free Exercise Clause arguments also raise fundamental issues of constitutional rights and, therefore, declining to consider them would result in a manifest injustice. In *Lo Duca v United States*, 93 F.3d 1100 (2d Cir. 1996), the plaintiff challenged the constitutionality of the federal extradition statute and raised the argument for the first time on appeal. *Id*. at 1104. The Second Circuit noted that "we retain broad discretion to consider issues not

15

raised initially in the District Court" and determined that

> [s]ince the argument offered by Lo Duca involves constitutional notions of separation of powers, the Government's response that LoDuca has waived his claims cannot be dispositive. In this case, we think that the constitutional issues advanced by Lo Duca are sufficiently important that they should be assessed on their merits.

*Id*. (internal citations and quotations omitted). As in *Lo Duca*, the appellees' waiver claims "cannot be dispositive" given that the appellants' claims are constitutional in nature. And, also as in *Lo Duca*, the appellants' claims are sufficiently important that they should be assessed on their merits. Failing to consider them would result in a manifest injustice.

The appellees also attempt to waive off the requirement that federal courts should exercise their authority in a manner that is sensitive to the religious rights of citizens, Appellants' br. at 30-31, arguing that a property owner may exclude others from his property. Appellees' br. at 45-49. But that completely mischaracterizes the issue here. The Injunction has, in effect, chosen who will lead the congregation. Under these circumstances, barring the appellant from conducting religious services and study on the Property, which he has been doing so for many years, violates the Free Exercise Clause of the United States Constitution and the Religious Freedom Restoration Act. Appellants' br., at 28-31.

## CONCLUSION

For all of these reasons, the appellants respectfully request that this Court reverse and vacate the Contempt Order and the Enforcement Order and award such other relief as the Court deems just.

Dated:      White Plains, New York
            April 7, 2022

**ABRAMS FENSTERMAN, LLP**
*Counsel for Appellants*

By: _____
Robert A. Spolzino
81 Main Street, Suite 400
White Plains, New York 10601

17

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Bankruptcy Procedure Rule 8015(a)(7)(B) because it contains 4292 words, excluding the parts of the brief exempted by Federal Rule of Bankruptcy Procedure Rule 8015(g). This brief complies with the typeface requirements of Federal Rule of Bankruptcy Procedure 8015(a)(5) and the type-style requirements of Federal Rule of Bankruptcy Procedure 8015(a)(6) because it has been prepared in a proportionately spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated:      White Plains, New York
            April 7, 2022

> **ABRAMS FENSTERMAN, LLP**
> *Counsel for Appellants*
>
> By: _____
>         Robert A. Spolzino
>      81 Main Street, Suite 400
>    White Plains, New York 10601